08-5570-ag
Rezaul v. Holder

BIA
Straus, IJ
A079 076 722

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > <u>Circuit Judges</u>.

_____

KARIM REZAUL, ALSO KNOWN AS KARIM MD REZAUL,

> <u>Petitioner</u>,

> v.                                       08-5570-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[*]

> <u>Respondent</u>.

_____

FOR PETITIONER:        David J. Rodkin, New York, New York.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**   Tony West, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Karim Rezaul, a native and citizen of Bangladesh, seeks review of an October 28, 2008 order of the BIA affirming the November 17, 2006 decision of Immigration Judge ("IJ") Michael Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  In re Karim Rezaul, No. A 079 076 722 (B.I.A. Oct. 28, 2008), aff'g No. A 079 076 722 (Immig. Ct. Hartford Nov. 17, 2006).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d

2

510, 513 (2d Cir. 2009).

**I.   Asylum and CAT Relief**

As the government argues, in his brief before this Court, Rezaul does not challenge the agency's pretermission of his asylum application or its denial of his application for CAT relief.  Thus, we consider only the agency's denial of Rezaul's application for withholding of removal.

**II.  Withholding of Removal**

In his decision, the IJ found that even assuming Rezaul had suffered past persecution, any presumption of a likelihood of persecution had been rebutted.  When an applicant for withholding of removal has been found to have suffered past persecution, the presumption of a likelihood of future persecution may be rebutted if an IJ finds that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened in the country of removal on account of one of the five statutory grounds.  8 C.F.R. § 1208.16(b)(1)(i)(A). The BIA has elaborated that the presumption may be rebutted if, in the applicant's country, the offending government has been overthrown and no longer wields influence, the new leadership does not "harbor the same animosities as the

3

old," and human rights practices have improved. *See In re N-M-A-*, 22 I & N Dec. 312, 320-21 (BIA 1998); *In re O-Z- & I-Z-*, 22 I & N Dec. 23, 26-27 (BIA 1998).  We find no error in the agency's conclusion that the government successfully rebutted any presumption of persecution because "there is no basis why [members of the BNP] would continue to look for the respondent, being that he has left Bangladesh for over 11 years and has not been politically active since then." Rather than challenge these findings, Rezaul argues only that the BIA's decision made no sense because it noted that the BNP's elevation to power in 2001 could constitute changed country circumstances excusing his late filing of his asylum application, but also found that a change in circumstances rebutted the presumption that he would face future persecution.  Such a bare assertion is insufficient to meaningfully challenge the agency's decision.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Rezaul also argues that the IJ placed insufficient weight on his arrest warrant as proof that Bangladeshi authorities were still looking for him.  However, this Court

4

generally accords deference to the agency's evaluation of documentary evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Although Rezaul argues that if the IJ had doubts about the veracity of the arrest warrant, then he should have sent it to be authenticated, the IJ was under no obligation to do so. *See* 8 C.F.R. § 287.6.

**III.    Motion to Remand**

Finally, Rezaul argues that the BIA abused its discretion by failing to remand his case so that the IJ could evaluate supplemental documentary evidence. "Such an abuse may be found if the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Singh v. United States Dep't of Justice*, 461 F.3d 290, 293 (2d Cir. 2006). Moreover, 8 C.F.R. § 1003.1(d)(3)(iv) states that a "party asserting that the Board cannot properly resolve an appeal without further factfinding must

5

file a motion for remand. If further factfinding is needed in a particular case, the Board *may* remand the proceeding to the immigration judge or, as appropriate, to the Service." (emphasis added). Here, the BIA reasonably held that remand was unnecessary because the new evidence submitted was: (1) previously available at the time of the proceedings; (2) unauthenticated; and (3) cumulative of previously discussed country conditions evidence. It therefore did not abuse its discretion in declining to remand. *See Singh*, 461 F.3d at 293.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6